**Akop OUNANIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72128.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Akop Ounanian petitions the BIA's dismissal of his appeal from the IJ's order denying asylum, withholding of deportation, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1105a. We deny the petition.

I

Ounanian was a business owner in the Russian town of Piatigorsk. Ounanian and his business partner received threats of harm against them and their families if they failed to pay extortion. Ounanian's business partner was killed when he failed to pay. Ounanian was often harassed, his car was totaled, and one time the windows on his house were broken and fire was thrown into the house.

II

The BIA held that Ounanian was not eligible for asylum. We review the BIA's determination for substantial evidence. *See Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). The BIA's determination must be upheld "if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (internal quotation marks omitted). "To reverse the BIA finding we must find that the evidence not only *supports* [reversal], but *compels* it." *Id.* at 481 n. 1, 112 S.Ct. 812.

■ Ounanian has failed to show that the evidence compels reversal of the BIA decision. Ounanian has not shown that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. . . ." 8 U.S.C. § 1101(a)(42); 8 U.S.C. § 1158(a) (1995). Although Ounanian speculated that he was targeted for extortion by Muslims because he was an Armenian Christian, Ounanian did not provide any basis to believe that the extortion was on account of his Armenian heritage or Christian religion.

Ounanian could not identify who was responsible for killing his business partner or damaging his property. Although threats were communicated to Ounanian, there is no evidence that those threats were on account of Ounanian's race or religion. Ounanian left his wife and son behind in Russia because they were not in as much danger. "[T]hey weren't working" and were not the head of a household. The evidence does not compel reversal of the BIA's decision.

III

Withholding of removal under 8 U.S.C. § 1253(h) requires showing a "clear probability of persecution," *see INS v. Stevic*, 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984), a more stringent standard than the "well-founded fear" standard for asylum. *See Acewicz v. INS*, 984 F.2d 1056, 1062 (9th Cir.1993). "[F]ailure to satisfy the lesser standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of depor-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tation as well." *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

## IV

The BIA held that Ounanian was not entitled to withholding of deportation under the Convention Against Torture. We review for substantial evidence. *Li v. Ashcroft*, 312 F.3d 1094, 1103 (9th Cir. 2002). In order to receive relief under the Convention, Ounanian needed to show that it was "more likely than not that he ... would be tortured if removed to [Russia]." 8 C.F.R. § 208.16(c)(2). Relief under the Convention requires that the torture be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Although Ounanian submitted reports of torture relating to prisoners and detainees in Russia, Ounanian failed to show that it was more likely than not that he would be tortured upon return to Russia or that any such torture would be at the hands of a public official. The BIA's decision that Ounanian was not entitled to relief under the Convention is supported by substantial evidence.

## PETITION DENIED.